OPINION OF THE COURT
Edward J. Greenfield, J.
This is a CPLR article 78 proceeding in which petitioner seeks to review and annul the procedures by which respondent awarded the master license for the exclusive right to use and operate newsstands at designated locations in the New York City subway system.
In the fall of 1982, respondent Metropolitan Transportation Authority (MTA) announced that it was accepting proposals by qualified bidders for a long-term license to operate the newsstands. The request for proposals (RFP) provided that the successful licensee would bear the full cost of installing, repairing and maintaining the newsstands, and also stated:
“[The] Authority will not necessarily award this contract to the proposer offering the highest financial return, but may take into consideration such other criteria relating to a proposer’s management capability, marketing strategy, operational experience of probity, or other factors affecting the good of the Authority, or the public interest, as the Authority deems relevant.
*537 “[The] Authority advises all proposers that there is no legal obligation on the part of the Authority to offer this license through a competitive bid process, that this RFP does not constitute a bid, and that the Authority intends to use the proposals submitted as a basis for negotiations with proposers as the Authority deems appropriate.”
Petitioner submitted a 10-year lease proposal at a bid of $22,321,000. Respondent KPI submitted a 15-year proposal at $25,470,000. The authority entered into negotiations with KPI, during which KPI increased its bid from $25,470,000 to $62,210,000. In April, 1983, the authority awarded the license to KPI. In seeking to overturn that award, petitioner argues that (1) the authority was required by statute (Public Authorities Law, § 1209, subd 1) to offer the license by competitive bid since the contract involved construction work in excess of $20,000; (2) the RFP was impermissibly vague and gave the authority unbridled discretion to award the license; (3) the procedure employed was inherently unfair in allowing bids for either 10- or 15-year periods without disclosing that the authority favored proposals for the longer period; and (4) the authority negotiated with someone (i.e., KPI) other than the successful bidder after the bids had been submitted, and ultimately awarded the license to that bidder after it agreed to increase its bid.
Petitioner’s arguments are, however, without merit, and do not warrant this court’s interference with the procedures followed by the authority or with its ultimate award.
“The request for proposal (RFP) method is an appropriate procedure for awarding concession[s]” (Radicone v Davis, NYLJ, June 22,1982, pp 6, 7, cols 5,2; BusTop Shelters v City of New York, 99 Misc 2d 198), and the methods followed here by the authority were consistent with its obligation under the Public Authorities Law and to the public. Subdivision 1 of section 1209 of the statute, is by its terms, inapplicable to the awarding of a concession license such as the one at issue here. That section requires public bidding on any contract for public work which involves the outlay of public money. Here, as in BusTop Shelters v City of New York, “it does not appear that competitive bidding is required in granting a franchise, since the award of the *538 franchise does not involve the payment or expenditure of funds out of the city treasury” (99 Misc 2d, at p 203).
Moreover, contrary to petitioner’s allegations, the request for proposals was neither vague nor unfair. It clearly stated that the proposals received would only be the starting point for'negotiations and that the authority would not necessarily award the contract to the proposer offering the largest financial return. Nor can it fairly be read as misleading potential proposers concerning the term of the license to be awarded. There is no evidence to suggest that the authority favored proposals for longer periods and that it unfairly failed to disclose that preference in the RFP.
Accordingly, as respondents’ actions were neither arbitrary nor capricious the application to annul those actions is denied and this petition is dismissed.