■ In the Matter of CITIWIDE NEWS, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. — Judgment of the Supreme Court, New York County (Edward J. Greenfield, J.), entered October 14, 1983, denying petitioner's application under CPLR article 78 and dismissing the petition, is reversed, on the law, without costs, the petition granted, and it is held that the construction segment of the newsstand franchise agreement is a public work requiring competitive bidding under subdivision 1 of section 1209 of the Public Authorities Law. ¶ Although the construction obligation, which requires the franchisee to build over 100 newsstands at an approximate cost of $2.5 million, is small in comparison to the $62 million in revenues that will be paid the authority, it is, nonetheless, an indirect expenditure of public money and therefore a public work within the purview of subdivision 1 of section 1209. This is so because if the franchisee were not required to construct the stands, then the authority could exact a correspondingly higher return under the franchise agreement. ¶ Moreover, the conclusion that the construction constitutes a public work is further supported by the fact that, at the end of the 15-year term of the franchise agreement, the newsstands will be the property of the authority. The authority should not be permitted to circumvent the salutary requirement of competitive bidding by offsetting the cost of a public work against revenues due under a franchise agreement. We are buttressed in our conclusion by the fact that the successful franchisee increased its initial proposal from $25,470,000 to $62,210,000 before being awarded the license. A proposal with this magnitude of change should be held to a strict interpretation of the competitive bidding requirement. Concur — Kupferman, J. P., Carro and Asch, JJ.

Bloom and Alexander, JJ., dissent in a memorandum by Bloom, J., as follows: We would affirm essentially for the reasons stated by Greenfield, J., at Special Term. We add only the following: ¶ To label a license which will generate fees of some $62,000,000 over a period of 15 years a "contract for public work" because it will entail the expenditure of some $2.5 million by the licensee in improving or reconstructing existing subway newsstands and in constructing new ones, and thus requiring "public letting founded on sealed bids" under subdivision 1 of section 1209 of the Public Authorities Law, is to lose sight of reality. The requirement that the successful licensee construct or reconstruct these newsstands entails no expenditures of funds by the New York City Transit Authority or the Metropolitan Transit Authority or any other public body. It involves but 4% of the income which these authorities will receive from the successful bidder, Kapoor Brothers, Inc., over the next 15 years. Indeed, it is in addition to such income. Finally, the increase of some $37,000,000 which the successful franchisee agreed to pay over the 15-year life of the license has absolutely nothing to do with whether the agreement between it and respondents is a license or a construction contract. Here, truly, is an instance in which our prevailing brethren mistakenly identify the tail as the dog. [121 Misc 2d 536.]